**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANPING SU,<br><br>   Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>   Respondent. | No. 22-867<br><br>Agency No.<br>A206-670-855<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Jianping Su, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding Su and her daughter's escape from family planning officials, and Su's demeanor during her daughter's testimony. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (agency's demeanor finding was supported where IJ provided "specific, first-hand observations"). Su's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Su's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because Su's claim was based on the same testimony the agency found not credible, and Su does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured in China. *See id*. at 1157.

We do not consider the materials Su references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**